

## Fourth Court of Appeals
### San Antonio, Texas

#### MEMORANDUM OPINION

No. 04-18-00094-CV

**IN THE INTEREST OF R.H.Z.**, A.S.Z., and F.V.Z., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA02484
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Marialyn Barnard, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: July 18, 2018

AFFIRMED

Raymond[1] and Victoria appeal the trial court's termination of their parental rights to their sons R.H.Z. (born in 2012), A.S.Z. (born in 2015), and F.V.Z. (born in 2016). Victoria's court-appointed appellate counsel has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Raymond's sole issue on appeal is that there is legally and factually insufficient evidence that termination of his parental rights is in the children's best interest. We affirm the trial court's judgment.

### BACKGROUND

The Department of Family and Protective Services filed an original petition for conservatorship of the children and to terminate Raymond and Victoria's parental rights. The

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents are referred to by their first names and children are referred to by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

Department obtained temporary conservatorship of the children based on allegations of the parents' drug use and domestic violence in the children's presence.

The case proceeded to a one-day bench trial at which several witnesses testified, including Raymond, his counselor David Bonet, and Department caseworkers Arianne Jones and Sherrell Gibbs. Victoria did not testify and was not present. At the beginning of the trial, Victoria's counsel announced "not ready," stated she believed Victoria was "probably just running late," and stated Victoria wanted to "ask for more time from the Court." The record does not affirmatively show Victoria personally appeared at any time during the trial.

At trial, the witnesses' testimony showed A.S.Z. and F.V.Z. tested positive at birth for opiates, and Raymond admitted he provided drugs to Victoria. Raymond also admitted the children witnessed domestic violence between him and Victoria. Raymond completed the court-ordered services on his family service plan, but the Department's evidence showed Raymond had not achieved the goals of those services. Raymond testified he tested positive for cocaine during the case, but he denied using drugs.

After trial, the trial court signed a judgment terminating Raymond's and Victoria's parental rights to the children. The grounds the trial court found for terminating Raymond's and Victoria's parental rights were that they:

> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children, pursuant to § 161.001(b)(1)(D), Texas Family Code;
>
> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children, pursuant to § 161.001 (b)(1)(E), Texas Family Code;
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children, pursuant to § 161.00(b)(1)(0), Texas Family Code; and

used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the children, and (1) failed to complete a court-ordered substance abuse treatment program; or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance, pursuant to § 161.001(b)(1)(P), Texas Family Code.

The trial court also found Victoria was the cause of the children being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription. Furthermore, the trial court found by clear and convincing evidence that termination of Raymond's and Victoria's parental rights is in the children's best interest.

### VICTORIA'S APPEAL

Victoria's court-appointed appellate counsel has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016); *In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.) (applying *Anders* procedure in appeal from termination of parental rights). Counsel's brief meets the requirements of *Anders*. Counsel provided Appellant with a copy of the brief. Victoria was informed of her right to review the record and was advised of her right to file a pro se brief. The State waived its right to file an appellee's brief unless Victoria filed a pro se brief. Victoria has not requested the record or filed a brief.

Counsel's brief concludes there are no arguable grounds to be advanced and that the appeal is frivolous. After reviewing the record and counsel's brief, we agree the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no writ). We affirm the judgment as to Victoria, but we deny counsel's motion to withdraw because counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27.

**RAYMOND'S APPEAL**

Raymond's sole issue on appeal is that there is legally and factually insufficient evidence that termination of his parental rights is in the children's best interest.

**A. Standard of Review**

A judgment terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017). To determine whether this heightened burden of proof was met, we employ a heightened standard of review to determine whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). "This standard guards the constitutional interests implicated by termination, while retaining the deference an appellate court must have for the factfinder's role." *In re O.N.H.*, 401 S.W.3d 681, 683 (Tex. App.—San Antonio 2013, no pet.). We do not reweigh issues of witness credibility but defer to the factfinder's reasonable credibility determinations. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

A legal sufficiency review requires us to examine the evidence "in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id.* When conducting a factual sufficiency review, we evaluate "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* The evidence is factually insufficient "[i]f, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *Id.*

**B. The Best-Interest Determination**

The best-interest determination is a wide-ranging inquiry, and the Texas Supreme Court has set out some factors relevant to the determination:

- the desires of the child;
- the emotional and physical needs of the child now and in the future;
- the emotional and physical danger to the child now and in the future;
- the parental abilities of the individuals seeking custody;
- the programs available to assist these individuals to promote the best interest of the child;
- the plans for the child by these individuals or by the agency seeking custody;
- the stability of the home or proposed placement;
- the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
- any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). The list is not exhaustive, and not every factor must be proved to find that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27. Evidence of only one factor may be sufficient for a factfinder to form a reasonable belief or conviction that termination is in the child's best interest—especially when undisputed evidence shows that the parental relationship endangered the child's safety. *Id.* "A factfinder may infer that past conduct endangering the well-being of a child may recur in the future if the child is returned to the parent." *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.).

**C. Analysis**

At the time of trial, the children were all under the age of six and did not testify about their desires. When, as here, a child is too young to express his desires, the factfinder may consider whether the child has bonded with a foster family, is well cared for by them, and has spent minimal time with the parent. *In re M.C.L.*, No. 04-17-00408-CV, 2017 WL 5759376, at *3 (Tex. App.—San Antonio Nov. 29, 2017, no pet.) (mem. op.). There is no evidence regarding the children's bond with Raymond or the foster parents, but not every factor must be proved to find that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 27.

The evidence shows Raymond knowingly endangered the children by supplying Victoria with drugs and used drugs himself. *See id.* (noting evidence of only one factor may be sufficient for best interest especially when undisputed evidence shows that the parent endangered the child's safety); *In re L.G.R.*, 498 S.W.3d 195, 204 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("A parent's drug use supports a finding that termination is in the best interest of the child."). Caseworker Jones testified, as did Raymond, that Raymond had supplied Victoria with illegal drugs. Jones further testified Victoria tested positive for opiates and methadone when F.V.Z. was born, A.S.Z. and F.V.Z. tested positive at birth for opiates, Victoria had also tested positive for cocaine and methamphetamines, Victoria used drugs while taking care of the children, and Raymond admitted he knew Victoria was using drugs. According to Jones, Raymond's excuse for supplying Victoria with drugs was that he was concerned that Victoria suffered from post-partum depression. Raymond testified that he realized supplying Victoria with drugs was a mistake and that he had learned to exercise better judgment. But he also testified that he had tested positive for cocaine during the pendency of the case. Although Raymond stated he did not agree with the results of his drug test, we must defer to the factfinder's reasonable credibility determinations. *See In re J.P.B.*, 180 S.W.3d at 573.

The evidence also shows there was domestic violence between Raymond and Victoria. *See In re O.N.H.*, 401 S.W.3d at 685 (considering evidence of domestic violence as relevant to best-interest determination). Jones testified Raymond and Victoria admitted there was domestic violence in their relationship. Raymond told Jones that Victoria had attacked him in the presence of R.H.Z., and Jones testified domestic violence in the children's presence presented a risk to the children's safety. Caseworker Gibbs testified R.H.Z. asked Victoria at one of the visits whether Raymond had hit her again and R.H.Z. told "his foster dad to beat foster mom's ass when he got upset." Raymond testified his children had, on multiple occasions, witnessed domestic violence

between him and Victoria. Although Raymond testified he separated from Victoria and had no plans to reunite with her, Gibbs testified Raymond "tends to manipulate and deceive the Department, kind of telling us what we want to hear. He's made statements that he's done this before to get back [his oldest daughter], so he'll just do what he needs to do again."

The evidence showed Raymond completed his family service plan, his visits with the children went well, he had housing and a job, and counselor Bonet saw no red flags that should prevent reunification, but other evidence showed Raymond had not met the goals of the services in his family service plan and would be unable to meet the children's needs. *See Holley*, 544 S.W.2d at 372. In light of Raymond's testimony that he tested positive for cocaine during the case, and was on probation at the time, the trial court reasonably could have discredited Raymond's testimony that he had learned from his services to exercise better judgment. Gibbs testified Raymond's drug dependency demonstrated that, although Raymond had completed his services, he had not met the goals of those services in order to provide for the children's needs. The evidence showed that, while the children improved in foster care, R.H.Z. continued to have physical and emotional needs. Gibbs testified R.H.Z. is a very aggressive child and was "taken out of Kinder . . . due to him spitting, grabbing other children's food and eating it, standing on the table, cursing, destroying the property on the school bus." She further testified R.H.Z. attempted to penetrate F.V.Z.'s anus with a toy. Thus, the trial court reasonably could have found Raymond had not made the necessary improvements to be able to meet the children's ongoing needs.

Having reviewed the evidence, we hold a factfinder could have reasonably formed a firm belief or conviction that termination of Raymond's parental rights is in the children's best interest. *See In re C.H.*, 89 S.W.3d at 25. We therefore conclude there is legally and factually sufficient evidence to support the trial court's finding that termination of Raymond's parental rights is in the children's best interest.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice